UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEMETRIA SPILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:22-CV-339 RLW |
| | ) |
| PAUL MITCHELL THE SCHOOL OF ST. LOUIS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the Motion to Dismiss or Stay the Proceedings and Compel Arbitration, filed by Defendant Paul Mitchell The School of St. Louis ("Paul Mitchell").[1] Plaintiff Demetria Spiller opposes the motion, which is ripe for review. For the reasons that follow, the Court grants Defendant's motion to compel arbitration and will stay these proceedings.

*I. Background*

On February 7, 2022, Plaintiff Demetria Spiller filed a Petition in the Circuit Court of the City of St. Louis, Missouri (the "Complaint") against Defendant Paul Mitchell. Plaintiff alleges Paul Mitchell operates a tuition-based cosmetology and beauty training school in St. Louis, Missouri, in which she was enrolled. Plaintiff alleges that while she was enrolled, she was a new mother, and Defendant did not provide her with reasonable accommodations for her to pump

---

[1] Also before the Court is Defendant's unopposed motion to correct misnomer. Plaintiff sued "Paul Mitchell The School of St. Louis." In its motion, Defendant sates that "Paul Mitchell The School of St. Louis" is a registered fictitious name that is owned by PMMO St. Louis, LLC. Defendant moves that the Court enter an order correcting its name from Paul Mitchell The School of St. Louis to PMMO St. Louis, LLC. Defendant's motion to correct misnomer is granted.

breastmilk for her baby. Plaintiff alleges that Defendant told her to stop breastfeeding her baby when the child turned one year of age. According to Plaintiff, Defendant terminated her enrollment from the cosmetology and beauty training school causing her "inconvenience, aggravation, embarrassment, frustration, humiliation, and emotional distress." (ECF No. 8 at 3). Plaintiff brings a claim against Defendant for violations of the Missouri Merchandising Practices Act ("MMPA"), Mo. Rev. Stat. § 407.020, et seq.

Defendant removed the action to this Court on the basis of diversity jurisdiction, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446.[2] Defendant did not file an answer to the Complaint, but rather filed its motion to dismiss or stay these proceedings and compel arbitration. In its motion, Defendant argues Plaintiff and Paul Mitchell entered into a mutual, binding arbitration agreement that requires the parties to resolve any dispute that may arise between them through binding arbitration. Defendant further aruges that Plaintiff's claim of Defendant's alleged violations of the MMPA falls withing the scope of that agreement and moves that the Court stay or dismiss this suit and compel arbitration.

## II. Discussion

The Federal Arbitration Act ("FAA") applies to contracts evidencing transactions "involving commerce." 9 U.S.C. § 2; Hoffman v. Cargill Inc., 236 F.3d 458, 461 (8th Cir. 2001). The FAA provides:

> A written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or

---

[2]Plaintiff is a citizen of Missouri. Defendant PMMO St. Louis, LLC, has the following three members: Michele Clark, Ginger Reed, and John Paul Mitchell Systems Holding, Inc. (ECF No. 1 at 2). Michele Clark and Ginger Reed are citizens Illinois. John Paul Mitchell Systems Holding, Inc. is incorporated in California, and its principal place of business is in California. The amount in controversy in this action exceeds the sum or value of $75,000, exclusive of interest and costs. The Court, therefore, has diversity subject matter jurisdiction over this dispute pursuant to 28 U.S.C. § 1332.

> transaction . . . or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2.  Although this case involves a state law claim, the FAA is not rendered inapplicable because the Court's jurisdiction is based in diversity.  Houlihan v. Offerman & Co., 31 F.3d 692, 695 (8th Cir. 1994) (finding suit brought in diversity was subject to arbitration under the FAA).  The FAA applies to contracts "involving commerce."  9 U.S.C. § 2.  The Supreme Court has interpreted this provision broadly as exercising the full scope of Congress's commerce-clause power.  Allied–Bruce Terminix Cos. v. Dobson, 513 U.S. 265, 273–77 (1995).  Here, Plaintiff does not contest Paul Mitchell's assertion that the FAA is applicable to the contract at issue, and the Court finds the statute applies.

> Under the FAA:
>
> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4.  The FAA reflects a "liberal federal policy favoring arbitration."  AT&T Mobility LLC v. Conception, 563 U.S. 333, 339 (2011). "[C]ourts must place arbitration agreements on an equal footing with other contracts" and enforce them according to their terms.  Id.  "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability."  Lyster v. Ryan's Fam. Steak Houses, Inc., 239 F.3d 943, 945 (8th Cir. 2001).  Accordingly, where there is an enforceable agreement to arbitrate, federal courts "shall make an order directing the parties to proceed to arbitration."  9 U.S.C. § 4.

"[W]hen deciding whether to compel arbitration, a court asks whether a valid agreement to arbitrate exists, and if so, whether the dispute falls within the scope of that agreement." Newspaper Guild of St. Louis, Loc. 36047, TNG-CWA v. St. Louis Post Dispatch, LLC, 641 F.3d 263, 266 (8th Cir. 2011). Here, neither party disputes that an agreement to arbitrate exists, or that Plaintiff's claim falls within the scope of that agreement.

In its Motion, Defendant argues Plaintiff is bound by an arbitration agreement, which she signed on November 29, 2020, entitled Arbitration Agreement and Waiver of Jury Trial, (the "Arbitration Agreement"), a copy of which was attached to Defendant's memorandum in support of its motion.[3] (ECF No. 7, Ex. 1). The Arbitration Agreement states the following.

> Any dispute I may bring against the School, or any of its parents, subsidiaries, officers, directors, or employees, or which the School may bring against me, no matter how characterized, leaded or styled, shall be resolved by binding arbitration conducted by the American Arbitration Association (the "AAA"), under its Consumer Arbitration Rules ("Consumer Rules"), with the exception that the arbitrator appointment process shall be governed by AAA Commercial Rule 12(a)-(b).
>
> …
>
> Both the School and I explicitly waive any right to a jury trial. I understand that the decision of the Arbitrator will be binding and not merely advisory.

(ECF No. 7, Ex. A at 1)

In her response memorandum, Plaintiff neither disputes the Defendant's characterization of her cause of action nor the fact that she signed the Arbitration Agreement. Plaintiff even acknowledges that the claim in her Complaint is covered by the Arbitration Agreement.

---

[3] A motion to compel arbitration is properly analyzed under either Fed. R. Civ. P. 12(b)(6), the motion to dismiss standard, or Fed. R. Civ. P. 56, the summary judgment standard. City of Benkelman, Nebraska v. Baseline Eng'g Corp., 867 F.3d 875, 881 (8th Cir. 2017). If a party presents evidence outside the pleadings, which is not excluded by the Court, the motion must be treated as one for summary judgment under Rule 56. Id. at 882. Plaintiff does not object to the admissibility or authenticity of the Arbitration Agreement, and the Court will apply the summary judgment standard under Rule 56.

4

"[Plaintiff] admits, after brought to her attention through the response of the Defendant that she did sign an adhesive agreement to arbitrate claims against the Defendant whether regardless of how sweeping it may be, thus waiving her United States Constitutional rights under the Seventh Amendment and Fundamental Due Process under the Fourteenth Amendment." (ECF No. 12 at 1). Nevertheless, Plaintiff opposes Defendant's motion. Plaintiff argues that she should be allowed leave to amend her Complaint and afforded the opportunity to engage in discovery. Plaintiff also argues that the case should not be dismissed with prejudice.

Plaintiff devotes the majority of her response memorandum arguing that under the facial plausibility standard of Ashcroft v. Iqbal, 556 U.S. 662 (2009), she has stated a claim in her Complaint, and to the extent that her cause of action has not been pleaded sufficiently, she should be allowed leave to amend her Complaint. She also argues that a dismissal of her claim would be "premature and improper," when she has not "be[en] afforded an opportunity for discovery to support all the elements of her claims against the defendant." (ECF No. 12 at 4).

The sufficiency of the Complaint is not at issue at this time. Paul Mitchell did not file a Rule 12(b)(6) motion to dismiss failure for state a claim upon which relief can be granted. The case of Ashcroft v. Iqbal, 556 U.S. 662 (2009), and its progeny are not relevant to the issues currently before the Court. Furthermore, Plaintiff did not file a motion for leave to file an amended complaint with a proposed amended complaint attached, and she does not explain what changes she would make to her Complaint. She also fails to identify under what authority she should be allowed to conduct discovery. And she does not describe what discovery she would take or even what she believes she would uncover through discovery. In any event, discovery to support the elements of her claim is not warranted at this juncture. Not only would it be premature under Fed. R. Civ. P. 26(d)(1), but the sufficiency of Plaintiff's allegations or merits

5

of her claims are not at issue at this stage in the proceedings. In short, arguments as to whether Plaintiff sufficiently stated a claim in her Complaint are not relevant to the issue of whether this case should be referred to arbitration.

Plaintiff also makes the general argument that in light of the allegations in her Complaint, she has a right to a federal jury trial. The cases to which she cites in support of her argument, however, are inapplicable to the situation at hand, as they arose under 42 U.S.C. § 1983. But more importantly, they did not involve the application of an arbitration agreement. The Supreme Court has instructed that courts must "rigorously enforce" arbitration agreements according to their terms, even if there is waiver to the constitutional right to a jury trial. AT&T Mobility LLC, 563 U.S. at 351; Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 445 (2006); Allied-Bruce Terminix Companies, Inc., 513 U.S. at 273–77. See also Nw. Airlines, Inc. v. Air Line Pilots Ass'n, Int'l, 373 F.2d 136, 142 (8th Cir. 1967) (parties may contractually waive right to civil jury trial). Plaintiff's argument that she is entitled to a jury trial under the Constitution is without merit.

Finally, Plaintiff does make an underdeveloped argument that she did not voluntarily sign the Arbitration Agreement. At one point in her brief, Plaintiff states "[m]ere signature is not enough. It must be a knowing and voluntarily [sic] waiver of a know right . . .. That full understanding must come through discovery." (ECF No. 12 at 3). Plaintiff, however, did not attach to her response memorandum any evidence, such as an affidavit or declaration signed by her that would tend to show that she did not enter into the Arbitration Agreement voluntarily. Plaintiff argues that she should be allowed discovery to uncover whether she entered into the agreement voluntarily, but she does not explain what discovery she would pursue, or even what she believes she would uncover though discovery.

6

Plaintiff does not dispute that she signed the Arbitration Agreement, which is only two short pages.  And she does not dispute that she initialed each of the 11 paragraphs in the Arbitration Agreement and signed immediately after the following statement: "I HAVE HAD AN OPPORTUNITY TO FULLY READ AND UNDERSTAND THIS ENTIRE AGREEMENT WHICH CONSISTS OF TWO (2) PAGES. BY MY ABOVE INITIALS AND MY BELOW SIGNATURE, I CERTIFY, THAT I HAVE READ, UNDERSTAND, AND AGREE TO THE TERMS OF THIS AGREEMENT."  (ECF No. 7, Ex. 1) (emphasis in original).  Defendant presented evidence to the Court establishing that Plaintiff entered into a mutual, binding Arbitration Agreement with Paul Mitchell.  In opposing Defendant's motion, Plaintiff has failed to show otherwise or explain how discovery might show otherwise.  The Court finds a valid agreement to arbitrate exists, and as Plaintiff concedes, her claims fall within the scope of that agreement.  Newspaper Guild of St. Louis, Local 36047, TNG-CWA, 641 F.3d at 266.

Plaintiff concludes her opposition memorandum by stating "[i]n any event the Court can stay the proceeding and direct to arbitration and review those findings once the matter has been completely heard by a fair and neutral arbitrator."  (ECF No. 12 at 7).  The Court concurs with Plaintiff and will refer this dispute to arbitration but not dismiss this case.  As the FAA "generally requires a federal district court to stay an action pending an arbitration, rather than to dismiss it," the Court will stay the matter pending the outcome of arbitration.  Green v. SuperShuttle Int'l, Inc., 653 F.3d 766, 769 (8th Cir. 2011) (citing 9 U.S.C. § 3).  In sum, the Court grants Paul Mitchell's Motion to Compel Arbitration and stays this matter pending arbitration.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss or Stay the Proceedings and Compel Arbitration is **GRANTED in part, and DENIED in part.** As set forth in this Memorandum and Order, Defendant's motion to compel arbitration is **GRANTED**, and this matter is **STAYED** pending arbitration. In all other respects, the motion is **DENIED.** [ECF No. 6]

**IT IS FURTHER ORDERED** that Defendant's Motion to Correct Misnomer is **GRANTED.** The Clerk of the Court shall amend the caption of this case to read as follows: Demetria Spiller, plaintiff, v. PMMO St. Louis, LLC, defendant, 4:22-CV-339 RLW. The parties shall use the amended caption on all future filings. [ECF No. 5]

**IT IS FURTHER ORDERED** that the Clerk of the Court shall administratively close this cause of action, subject to reopening upon notice by the parties upon the conclusion of the arbitration proceedings.

*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this   12th    day of August, 2022.